Joshua M. Lurie, Esq.
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. (201) 518-9999
Fax. (201) 479-9955
Attorneys for Plaintiff

| | |
|---|---|
| CHARLES CONZENTINO,<br><br>Plaintiff,<br><br>-against-<br><br>RITEWAY MARINE SOLUTIONS, INC.; RORY HOGAN; JOHN AND JANE DOES 1-20; AND BUSINESS ENTITIES A-K,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK<br><br>Civil Case No.<br><br>COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL |

Plaintiff, CHARLES CONZENTINO, by way of Complaint against the Defendants, RITEWAY MARINE SOLUTIONS, INC. and RORY HOGAN (hereafter referred to collectively, as appropriate, as the "Defendants") says:

## PARTIES

1. Plaintiff Charles Conzentino ("Plaintiff") is a natural person and is a resident of the State of New Jersey, County of Ocean.

2. Defendant Riteway Marine Solutions, Inc. ("Riteway") is a New York For-Profit Corporation, currently active, but delinquent in its registration with the State of New York.

3. Defendant Rory Hogan ("Hogan") is, upon information and belief, the sole shareholder of Riteway.

4. Pursuant to the official filings with the State of New York, Riteway is servable by and through Hogan at 12 Post Place, Babylon, Suffolk County, New York.

5. The John Doe and Business Entity defendants are fictitious parties named herein because their identities are not currently known, and are used to represent individuals involved in the conduct set forth herein as well as, potentially, the owners, operators, employees, directors, managers and individuals or business entities with controlling interests in Defendants, if any such exist and whom or which, after discovery, may be determined to be partially or otherwise responsible for the harm which the Plaintiff suffered and therefore an amended Complaint would be necessary to name them.

## NATURE OF THE ACTION

6. This is a diversity action taken against the Defendants for their continued and willful failure to pay an outstanding balance owed on a secured promissory note related to the sale of several high value boats.

7. Despite multiple promises, Defendants continue their truculent action of refusing to pay the outstanding balance which is now $100,000.00 plus outstanding interest pursuant to the terms of the underlying agreement.

8. Further, as a direct result of the conduct of Hogan, it is appropriate to pierce the corporate veil as Hogan's conduct and his sole control or domination over Riteway was used to commit the wrongful acts complained of herein.

## JURISDICTION AND VENUE

9. This Court has Subject Matter Jurisdiction over this action pursuant to 28 U.S.C. § 133 as there exists complete diversity among the parties and the amount in controversy exceeds the jurisdictional threshold of $75,000.00

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims herein are within this district as well as this district is Defendants' principal address.

## FACTS

11.     Prior to 2020, the Plaintiff paid Defendant, a deal which never materialized. The Parties agreed to refund Conzentino his money, whereby Defendant promised to repay Conzentino the amount of Two Hundred Sixty-Five Thousand Dollars ($265,000) pursuant to a written Agreement (the "Agreement" or the "Note").

12.     In furtherance of this agreement, the executed Note set forth the following salient terms:

   a. Defendants would pay $150,000 on June 24, 2020 or within three (3) business days from the execution of the Agreement;

   b. Defendants would pay $50,000.00 on or before October 1, 2020; and

   c. No later than July 15, 2020 either tender a 2014 24' Daughtless Boston Whaler boat with 300HP 2020 Mercery Engine *or* pay the balance of $65,000 no later than October 1, 2020.

13.     The Note was created such that no interest would accrue in the event of timely payment. However, the Note set forth that there would be a 5% late charge on any payment identified above more than ten (10) days late and, in the event of default, interest at the rate of 10% per annum would begin to accrue.

14.     Despite Plaintiff's compliance and tendering of the vehicles (and/or their respective trailers), Defendant defaulted on the terms of the Agreement.

15.     As of November 1, 2021, Defendant only made the initial $150,000 payment, but none other, and there remained an outstanding balance of at least $100,000.00. The Daughtless boat was never conveyed.

16.     Further, Hogan was advised that this complaint would be forthcoming and agreed,

on his own behalf, to make a payment of $25,000.00 in order to avoid litigation. He has made such promises directly to Plaintiff a number of times throughout the year 2021.

17. These representations and promises were false and known to be false at the time, as no funds were thereafter conveyed to Plaintiff. Rather, Defendants' fraudulent misrepresentation and promise to pay was solely to delay litigation. However, in good faith, Plaintiff relied upon such misrepresentation to his detriment.

18. At this juncture, Plaintiff is entitled to judgment in his favor on the Note in the amount of no less than $120,000 (and such additional interest which may accrue) calculated as the balance of $100,000.00, $5,000 in late fees and at least $15,000 in interest (which continues to accrue).

**FIRST CAUSE OF ACTION**
**Breach of Contract**
**Against Defendant Riteway**

19. Plaintiff repeats and realleges the statements as set forth in the preceding paragraphs as if set forth in full herein.

20. Plaintiff and Defendant Riteway entered into a binding and enforceable agreement as indicated above.

21. As set forth herein, Riteway breached the agreement by failing to make all payments due and owing at the time due.

22. As a result of Riteway's breach of contract, Plaintiff has been harmed and damaged.

**SECOND CAUSE OF ACTION**
**Action for Account Stated**
**Against Defendant Riteway**

23. Plaintiff repeats and realleges the statements as set forth in the preceding paragraphs as if set forth in full herein.

24. As set forth above, there exists a binding agreement whereby Plaintiff is owed a certain sum of monies.

25. Plaintiff presented Defendant Riteway, by and through its principal, the balance and Riteway, by and through Hogan, agreed that such was due.

26. Hogan agreed to make partial payment in good faith and promised to pay the balance shortly thereafter.

27. Despite promises to pay upon the account stated, Defendants have failed to pay the outstanding balance.

28. As a result of Riteway's conduct, Plaintiff is entitled to damages.

**THIRD CAUSE OF ACTION**
**Action to Pierce Corporate Veil**
**Against Defendant Riteway and Hogan**

29. Plaintiff repeats and realleges the statements as set forth in the preceding paragraphs as if set forth in full herein.

30. Upon information and belief, Hogan is the sole owner of Riteway and/or exercised complete dominion over the corporation with respect to the above transaction set forth herein.

31. By and through his own conduct, and as a result of domination, Hogan used the corporate entity to commit a wrong against Plaintiff.

32. As set forth above, Hogan made certain promises to Plaintiff which were false, and known to be false at the time of the misrepresentation, and thus used the corporation to commit a fraudulent act which, upon information and belief, would solely benefit himself.

33. Indeed, as set forth on the official records with the State of New York, Hogan has failed to comply with the NY Business Corporation Law, including by filing such required statements as the law mandates, since at least August of 2019 (or before the Note was executed).

Thus, Hogan proceeded in this transaction fraudulently as the business was in default of its obligations under state law.

34. Indeed, at the time of the execution of the Note, Hogan falsely represented that the corporation was in good standing.

35. Equity and justice require that the Court pierce the corporate veil to hold Hogan personally liable for the fraudulent conduct and other wrongful acts he committed while attempting to hide behind the corporate shield.

### FOURTH CAUSE OF ACTION
### Fraud
### Against Defendant Riteway and Hogan

36. Plaintiff repeats and realleges the statements as set forth in the preceding paragraphs as if set forth in full herein.

37. As set forth above, Defendants made multiple false and fraudulent statements in order to induce Plaintiff to enter into the Note, transfer ownership in the watercraft, and also delay litigation.

38. As for each fraudulent act set forth above, such conduct was performed knowingly and intentionally, with knowledge that such statement and/or promise was false, with the intent that Plaintiff rely thereupon, and where Plaintiff did rely and was harmed.

39. As a result of the fraudulent promises and misrepresentations, Plaintiff has been harmed and damaged.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, and against the Defendants, jointly and severally as applicable, as follows:

A. Awarding compensatory damages in the amount of $100,000.00;

B. Awarding late fees in the amount of $5,000.00;

C. Awarding contractual interest in an amount based upon the interest rate of 10% per annum;

D. Awarding punitive damages;

E. Awarding counsel fees and costs of suit;

F. Awarding prejudgment and post-judgment interest; and

G. Any other such relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a jury trial on triable issues raised by this complaint.

Dated: May 2, 2022

Respectfully submitted,

/s/ Joshua M. Lurie
Joshua M. Lurie, Esq. (JL0788)

Lurie|Strupinsky, LLP
15 Warren Street,
Suite 36 Hackensack, New Jersey 07601
Ph. 201-518-9999
Fax. 201-479-9955
jmlurie@luriestrupinsky.com